UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

STUART KAPLAN, individually, and on
behalf of all others similarly situated

    Plaintiff,

v.                                                                                            Case No:   2:16-cv-210-FtM-99MRM

21ST CENTURY ONCOLOGY
HOLDINGS, INC.,

    Defendant.
_____

JOHN DICKMAN, individually, and on
behalf of all others similarly situated

    Plaintiff,

v.                                                                                            Case No:   2:16-cv-218-FtM-99MRM

21ST CENTURY ONCOLOGY
HOLDINGS, INC. and 21ST CENTURY
ONCOLOGY, INC.,

    Defendants.
_____

RONA POLOVOY, individually and on
behalf of all others similarly situated

    Plaintiff,

v.                                                                                            Case No:   2:16-cv-219-FtM-99MRM

21ST CENTURY ONCOLOGY
HOLDINGS, INC.,

    Defendant.
_____

| | |
|---|---|
| JIM BIMONTE and MARY ANN RODRIGUEZ, individually and on behalf of others similarly situated<br><br>     Plaintiffs,<br><br>v.<br><br>21ST CENTURY ONCOLOGY, INC., 21ST CENTURY ONCOLOGY, LLC, 21ST CENTURY ONCOLOGY MANAGEMENT SERVICES, INC., 21ST CENTURY ONCOLOGY SERVICES, LLC and 21ST CENTURY ONCOLOGY HOLDINGS, INC.,<br><br>     Defendants. | Case No:  2:16-cv-223-FtM-99MRM |
| STACEY SCHWARTZ and JUDITH CABRERA, individually and on behalf of themselves and others similarly situated<br><br>     Plaintiffs,<br><br>v.<br><br>21ST CENTURY ONCOLOGY HOLDINGS, INC.,<br><br>     Defendant. | Case No:  2:16-cv-241-FtM-99MRM |
| ROBERT RUSSELL, individually and on behalf of all others similarly situated<br><br>     Plaintiff,<br><br>v.<br><br>21ST CENTURY ONCOLOGY HOLDINGS, INC.,<br><br>     Defendant. | Case No:  2:16-cv-242-FtM-29MRM |

| | |
|---|---|
| FRANK BABURCHAK, LANA IZWORSKI, JEREMY MILLER, KATHLEEN SHAVER, DOLORES STUBBS and KAREN VOSGAIAN, individually and on behalf of all others similarly situated<br><br>      Plaintiffs,<br><br>v.<br><br>21ST CENTURY ONCOLOGY, LLC, 21ST CENTURY ONCOLOGY, INC., 21ST CENTURY ONCOLOGY MANAGEMENT SERVICES, INC., 21ST CENTURY ONCOLOGY SERVICES, LLC and 21ST CENTURY ONCOLOGY HOLDINGS, INC.,<br><br>      Defendants. | Case No:   2:16-cv-245-FtM-29MRM |
| MARY BARBIERI, individually and on behalf of all others similarly situated<br><br>      Plaintiff,<br><br>v.<br><br>21ST CENTURY ONCOLOGY HOLDINGS, INC.,<br><br>      Defendant. | Case No:   2:16-cv-252-FtM-99MRM |

| | |
|---|---|
| WILHELM RADAUSCHER, ELIZABETH CETRULO and DAVID GLICKMAN, individually and on behalf of all others similarly situated | |
| Plaintiffs, | |
| v. | Case No:   2:16-cv-257-FtM-99MRM |
| 21ST CENTURY ONCOLOGY HOLDINGS, INC., | |
| Defendant. | |
| MAUREEN TRELEASE, individually and on behalf of others similarly situated | |
| Plaintiff, | |
| v. | Case No:   2:16-cv-258-FtM-99MRM |
| 21ST CENTURY ONCOLOGY HOLDINGS, INC., | |
| Defendant. | |
| GEORGE DELGADO, individually and on behalf of all others similarly situated | |
| Plaintiff, | |
| v. | Case No:   2:16-cv-259-FtM-99MRM |
| 21ST CENTURY ONCOLOGY HOLDINGS, INC., | |
| Defendant. | |

TIMOTHY MEULENBERG and SHARON
MACDERMID, individually and on behalf
of others similarly situated

    Plaintiffs,

v.                                                                                                          Case No:   2:16-cv-332-FtM-29MRM

21ST CENTURY ONCOLOGY
HOLDINGS, INC.,

    Defendant.

---

GAYLE BIRKEN-SIKORA, MATTHEW
SIKORA, SUSAN LEWIN, JEFFREY
LEWIN, JON LOKIETZ, CARYN
BENDETOWIES and RITA MARX,
individually and on behalf of others
similarly situated

    Plaintiffs,

v.                                                                                                          Case No:   2:16-cv-334-FtM-99MRM

21ST CENTURY ONCOLOGY
HOLDINGS, INC., 21ST CENTURY
ONCOLOGY, LLC, 21ST CENTURY
ONCOLOGY, INC., 21ST CENTURY
ONCOLOGY MANAGEMENT
SERVICES, INC. and 21ST CENTURY
ONCOLOGY SERVICES, LLC,

    Defendants.

---

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

    This cause comes before the Court on the Motions to Consolidate and Motions for Appointment of Interim Class Counsel pending in or relating to the above-captioned cases.  On May 16, 2016, the Honorable John E. Steele referred Plaintiffs' Motions to Consolidate and Motions for Appointment of Interim Class Counsel to the Undersigned in all of the above-

5

captioned cases "for hearing, issuance of Report and Recommendations, and entry of any related Orders." (*See, e.g.*, Doc. 30, Case No. 2:16-cv-210-FtM-99MRM).

Upon consideration, the Undersigned respectfully recommends that the Motions to Consolidate be granted in part and denied in part as set forth herein. Additionally, the Undersigned recommends that the Court address the Motions to Consolidate before addressing the Motions for Appointment of Interim Class Counsel. As such, if the Court accepts this Report and Recommendation and the cases are consolidated into a single case file, the Undersigned recommends that the presently pending Motions for Appointment of Interim Class Counsel be denied without prejudice as moot and that the issue of appointment of interim class counsel be addressed in the consolidated case pursuant to the procedural recommendations set forth herein.

**I.    Motions to Consolidate**

In related cases *Schwartz et al. v. 21st Century Oncology Holdings, Inc.*, Case No. 2:16-cv-00241-UA-MRM, (Doc. 7), and *Russell v. 21st Century Oncology Holdings, Inc.*, Case No. 2:16-cv-00242-JES-MRM, (Doc. 7), the named Plaintiffs filed Motions to Consolidate requesting consolidation for pretrial proceedings of all related cases pursuant to Fed. R. Civ. P. 42(a) and Local Rule 1.04(c). The moving Plaintiffs contend that their cases and the five other cases then pending – *i.e.*, Case Nos. 2:16-cv-210-FtM-99MRM, 2:16-cv-218-FtM-99MRM, 2:16-cv-219-FtM-99MRM, 2:16-cv-223-FtM-99MRM, and 2:16-cv-245-FtM-29MRM – involve common questions of law and fact. Thus, Plaintiffs request that the related cases, and any other related cases later brought in this District, be consolidated for all pretrial proceedings in the first-filed case, Case No. 2:16-cv-00210-UA-MRM. Plaintiffs further request that the consolidated case proceed under a new caption: *In re 21st Century Oncology Data Breach Litigation*.

Plaintiffs also request that the case proceed before the before the Honorable Sheri Polster Chappell because she was the district judge assigned to the first-filed case. The Undersigned notes, however, that Judge Chappell has subsequently entered Orders of Recusal in all of the cases in which she was the assigned district judge or in which she was the supervising district judge. Thus, as a practical matter, the Honorable John E. Steele will preside over all of the above-captioned cases for the time being.

The named Defendants filed a response to the Motions to Consolidate in *Schwartz*, Case No. 2:16-cv-00241-UA-MRM, and *Russell*, Case No. 2:16-cv-00242-JES-MRM. The named Defendants also filed Notices of their response in Case Nos. 2:16-cv-210-FtM-99MRM, 2:16-cv-218-FtM-99MRM, 2:16-cv-219-FtM-99MRM, and 2:16-cv-223-FtM-99MRM. Although the named Defendants state that they deny the allegations in the related cases, Defendants do not oppose consolidation pursuant to Fed. R. Civ. P. 42(a) and Local Rule 1.04(c). Additionally, the named Plaintiffs in *Bimonte et al. v. 21st Century Oncology, Inc. et al.*, Case No. 2:16-cv-00223-UA-MRM filed a response (Doc. 22) stating that they agree that consolidation is appropriate pursuant to Fed. R. Civ. P. 42(a) and Local Rule 1.04(c). No other responses have been filed as to the Motions for Consolidation and the timeframe by which to do so has lapsed. The issue of consolidation is, therefore, ripe for consideration.

    **A. Legal Standard**

Pursuant to Fed. R. Civ. P. 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Additionally, pursuant to Local Rule 1.04(c), "[i]f cases assigned to a judge are related because of either a common question of law or fact or any other prospective duplication in the

prosecution or resolution of the cases, a party may move to consolidate the cases for any or all purposes in accord with [Fed. R. Civ. P. 42]."

Rule 42(a) "is a codification of a trial court's inherent managerial power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Hendrix v. Raybestos-Manhattan, Inc.*, 776 F.2d 1492, 1495 (11th Cir. 1985) (citing *In re Air Crash Disaster at Fla. Everglades*, 549 F.2d 1006, 1012 (5th Cir. 1977)). The district court's decision under Rule 42(a) is purely discretionary. *Id.* The Court's decision, however, must take into account the following factors: (1) whether the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues; (2) the burden on parties, witnesses and available judicial resources posed by multiple lawsuits; (3) the length of time required to conclude multiple suits as against a single one; and (4) the relative expense to all concerned of the single-trial, multiple-trial alternatives. *Id.* (citing *Arnold v. Eastern Air Lines, Inc.*, 681 F.2d 186, 193 (4th Cir. 1982)).

### B. Analysis

The Undersigned has reviewed the parties' pleadings in the thirteen above-captioned cases. Upon consideration, it is clear that common questions of law and fact permeate these cases. *See* Fed. R. Civ. P. 42(a); Local Rule 1.04(c). Specifically, all of the cases appear to arise from the same alleged data breach. Additionally, all of the cases are pled as class actions with class allegations under Fed. R. Civ. P. 23, and all of the cases share at least one similar substantive claim: negligence. Moreover, all cases were filed against a common Defendant, 21st Century Oncology Holdings, Inc. Although some cases name other entity defendants, those other entities appear to be affiliated with or related to 21st Century Oncology Holdings, Inc. In any event, all of the named Defendants are represented by the same counsel of record.

8

Applying the relevant factors from *Hendrix*, the Undersigned first finds that there is a substantial threat of inconsistent adjudications of common factual and legal issues if the cases are allowed to proceed separately. *See Hendrix*, 776 F.2d at 1495. As stated above, all of the cases are pled as class actions and all of the cases allege a negligence claim. The majority of the cases share other substantive claims as well. For instance, twelve of the thirteen cases allege unjust enrichment claims. Eleven of the thirteen cases allege Florida Deceptive and Unfair Trade Practices Act claims. Additionally, most of the cases allege negligence *per se* claims.

To be sure, the complaints in some of the cases assert claims that are not raised in the other related cases. Moreover, the putative class definitions vary among the related cases. Consolidation does, therefore, carry with it some risk of prejudice and also the possibility of confusion based upon these variations. The Undersigned finds, nevertheless, that the specific risks of prejudice and possible confusion are overborne by the risk of inconsistent adjudications of common factual and legal issues. *See Hendrix*, 776 F.2d at 1495. In other words, with thirteen separate cases pending, the Undersigned finds that the risk of inconsistent adjudications of common factual and legal issues far outweighs any specific risks of prejudice and possible confusion that may be caused by variations in claims and class definitions. *See id.* Moreover, the nuances in claims and putative class definitions can likely be addressed in the consolidated amended complaint through the use of putative subclasses once the request to appoint interim class counsel has been addressed.

Second, the Undersigned finds that the burden on parties, witnesses, and available judicial resources will be substantially lessened by consolidation. *Id.* On this point, the Court notes that all of the named Defendants in the thirteen related case are represented by the same counsel of record and none of the Defendants have objected to consolidation for pretrial

purposes. Further, no named Plaintiffs in any of the cases have objected to consolidation for pretrial purposes. Moreover, the Undersigned finds that judicial resources will be substantially conserved by administering one consolidated case for pretrial purposes rather than proceeding with thirteen separate cases.

Third, the length of time required to conclude a consolidated lawsuit instead of multiple suits is likely to be significantly lessened and, therefore, weighs in favor of consolidation.

Finally, the relative expense to all parties concerned – particularly with regard to discovery – is highly likely to be lessened by litigating in one consolidated case rather than litigating in thirteen separate cases.

Accordingly, consolidation of these cases not only serves to satisfy the standards set forth in Fed. R. Civ. P. 42(a), Local Rule 1.04(c), and *Hendrix*, but also to "secure the just, speedy, and inexpensive determination" of these proceedings. *See* Fed. R. Civ. P. 1.

It warrants mention, however, that Rule 42 provides that "[i]f actions before the court involve a common question of law or fact, the court may . . . join for hearing *or trial* any or all matters at issue in the actions." Fed. R. Civ. P. 42(a)(1) (emphasis added). Further, Local Rule 1.04(c) states that "a party may move to consolidate the cases *for any or all purposes* in accord with Rule 42." Local Rule 1.04(c) (emphasis added).

In these cases, consolidation for all purposes, including for trial, should not cause any prejudicial inconvenience, delay, or extra expense because all of the above-captioned cases are at the initial stages of litigation. In fact, Defendants have not filed a responsive pleading in any of the above-captioned cases and the Court is presently holding these cases in abeyance pending resolution of the Motions to Consolidate and Motions for Appointment of Interim Class Counsel. Furthermore, it warrants emphasis that, with thirteen separate cases, the risk of inconsistent

verdicts after separate trials is heightened. Consolidation for all purposes, including trial, would not only remove the risk of inconsistent adjudications of common factual and legal issues, but would also eliminate the risk of inconsistent verdicts after separate trials. *See L & D Ventures, LLC v. Garlic Jim's Franchise Int'l, Inc.*, No. 8:08-cv-1128-T-33-TGW, 2009 WL 331595, at *2 (M.D. Fla. Feb. 10, 2009).

While it appears to the Undersigned that these cases may be consolidated for all purposes, Plaintiffs' Motions only request consolidation of the related cases for *pretrial proceedings*. Neither Defendants' response nor the response from the Plaintiffs in *Bimonte* addresses the scope of consolidation. The Undersigned is not inclined, therefore, to recommend ordering relief that was not requested by Plaintiffs, especially when the scope of consolidation not opposed by Defendants and the *Bimonte* Plaintiffs is unclear. Thus, the Undersigned recommends that the related cases be consolidated only for pretrial proceedings in the first-filed case, Case No. 2:16-cv-210-FtM-99MRM, as set forth herein. This would enable the parties and the Court to address whether the cases should continue to be consolidated for trial purposes after the resolution of any dispositive motions in the consolidated case.[1]

## II.     Motion for Appointment of Interim Class Counsel

Motions for Appointment of Interim Class Counsel are pending in six cases, Case Nos. 2:16-cv-219-FtM-99MRM, 2:16-cv-223-FtM-99MRM, 2:16-cv-241-FtM-99MRM, 2:16-cv-242-

---

[1] If the cases were consolidated for all purposes, however, any Plaintiff or any potential subclass of Plaintiffs would not necessarily be precluded from later moving for separate trials pursuant to Fed. R. Civ. P. 42(b). *See Dyer v. M & M Asphalt Maint. Inc.*, No. 6:15-cv-1512-ORL-40-TBS, 2016 WL 1743141, at *1 (M.D. Fla. Apr. 7, 2016), *report and recommendation adopted sub nom. Dyer v. M&M Asphalt Maint. Inc.*, No. 6-15-cv-1512-ORL-40-TBS, 2016 WL 1732664 (M.D. Fla. May 2, 2016); *see also Soler v. G & U, Inc.*, 477 F. Supp. 102, 106 (S.D.N.Y. 1979) (granting plaintiffs' Rule 42(a) motion without prejudice to a later determination whether trial should likewise proceed on a consolidated basis).

FtM-29MRM, 2:16-cv-252-FtM-99MRM, and 2:16-cv-257-FtM-99MRM.  Various objections and responses have been filed in response to these Motions.  Thus, the issue of appointing interim class counsel is contentious.

Notably, however, the Motions for Appointment of Interim Class Counsel expressly contemplate that the Court should first rule on the Motions to Consolidate.  (*See, e.g.*, Doc. 11, Case No. 2:16-cv-219-FtM-99MRM).  Because the Motions for Appointment of Interim Class Counsel contemplate the Court deciding the Motions to Consolidate first, the Undersigned finds and recommends that it is premature to take up the merits of the Motions for Appointment of Interim Class Counsel at this time.  For that reason, if this Report and Recommendation is accepted, the Undersigned recommends that counsel be required to file or re-file any motions seeking appointment of interim class counsel in Case No. 2:16-cv-00210-UA-MRM pursuant to the procedures set out in more detail below and that any re-filed or newly filed motions seeking such relief be referred to the Undersigned consistent with Judge Steele's May 16, 2016 referral. The Undersigned may then enter a Report and Recommendation on the issue of appointing interim class counsel in the consolidated case file.  This approach would allow all interested parties to fully submit and brief their respective positions in one place so the Court can take the matter up on a consolidated and comprehensive record.

### III.    Case Management Deadlines

The Court previously granted Motions to Reset Case Management and Other Imminent Deadlines in all of the above-captioned cases.  In doing so, the Court held all case management deadlines in abeyance until after the Court ruled on both the Motions to Consolidate and the Motions for Appointment of Interim Class Counsel.  If this Report and Recommendation is accepted, the Undersigned recommends that all case management deadlines in consolidated Case

No. 2:16-cv-00210-UA-MRM continue to be held in abeyance until any re-filed or newly filed motions seeking appointment of interim class counsel are resolved. The Court may, at that time, enter a Case Management and Scheduling Order that (1) addresses only the case management deadlines up to and including the dispositive motions deadline and (2) schedules a status conference to be conducted after all dispositive motions are resolved in the consolidated case for the purpose of determining whether the cases should continue to be consolidated for trial or whether the cases should proceed to separate trials.

However, if this Report and Recommendation is not accepted and the cases are not consolidated, the Undersigned recommends that counsel of record in each of the above-captioned cases be required to meet within thirty (30) days from the date of the Court's Order for the purpose of preparing case management reports to be filed forty-five (45) days from the date of the Court's Order in each of the related cases.

Accordingly, **IT IS RESPECTFULLY RECOMMENDED:**

1) That the Motions to Consolidate in *Schwartz et al. v. 21st Century Oncology Holdings, Inc.*, Case No. 2:16-cv-00241-UA-MRM, (Doc. 7) and *Russell v. 21st Century Oncology Holdings, Inc.*, Case No. 2:16-cv-00242-JES-MRM, (Doc. 7) be **GRANTED IN PART** and **DENIED IN PART**.

2) That the above-captioned cases be consolidated for all pretrial proceedings, as the moving named Plaintiffs have requested.

3) That the Court address the issue of whether the cases should be consolidated for trial purposes after the resolution of any dispositive motions in the consolidated case.

4) That the Motions to Consolidate be denied to the extent the Motions to Consolidate affirmatively request that Judge Chappell preside over the consolidated case in light

of Judge Chappell's recusal from these related cases.

5) That this action proceed under the first-filed case – Case No. 2:16-cv-00210-UA-MRM – and that the case proceed under a new caption: *In re 21st Century Oncology Data Breach Litigation*.

6) That the Clerk of Court add any counsel of record in the other above-captioned cases that are not already of record in the first-filed case – Case No. 2:16-cv-00210-UA-MRM – to receive notices of electronic filing as co-counsel in the consolidated case.

7) That the Clerk of Court be directed to administratively close all of the above-captioned cases except Case No. 2:16-cv-00210-UA-MRM.

8) That counsel be directed to re-file in Case No. 2:16-cv-00210-UA-MRM any motions that are currently pending in any of the above-captioned related cases within fourteen (14) days, if appropriate.

9) That the Court deny all pending motions in the related cases as moot without prejudice to being re-filed in the consolidated case, No. 2:16-cv-00210-UA-MRM.

10) That counsel be required to file or re-file any motions seeking appointment of interim class counsel in Case No. 2:16-cv-00210-UA-MRM within fourteen (14) days of the Court's Order accepting this Report and Recommendation and that any re-filed or newly filed motions seeking such relief be referred to the Undersigned for hearing, issuance of a Report and Recommendation, and entry of any related orders consistent with Judge Steele's May 16, 2016 referral.

11) That all case management deadlines in Case No. 2:16-cv-00210-UA-MRM continue to be held in abeyance pending the resolution of any re-filed or newly filed motions for appointment of interim class counsel.

12) That a Case Management and Scheduling Order be entered by the Court after any motions seeking appointment of interim class counsel are resolved (1) to establish the case management deadlines up to and including the dispositive motions deadline and (2) to schedule a status conference to be conducted after the resolution of any dispositive motions for the purpose of determining whether the cases should continue to be consolidated for trial purposes or whether the cases should proceed by way of separate trials.

13) If, however, this Report and Recommendation is not accepted and the cases are not consolidated, the Undersigned recommends that counsel of record in each of the above-captioned cases be required to meet within thirty (30) days from the date of the Court's Order for the purpose of preparing case management reports to be filed within forty-five (45) days from the date of the Court's Order in each of the related cases.

Respectfully recommended in Chambers in Fort Myers, Florida on July 21, 2016.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

15

**<u>NOTICE TO PARTIES</u>**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:

Counsel of Record
Unrepresented Parties